**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
CHAIM MAYER
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

      -against-

BUREAU OF COLLECTION RECOVERY, LLC

                        Defendant.
-------------------------------------------------------

CV-13 2926

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 15 2013 ★

LONG ISLAND OFFICE

**BRODIE, J.**

**REYES, JR, M.**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Chaim Mayer seeks redress for the illegal practices of Bureau of Collection Recovery, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Eden Prairie, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Chaim Mayer*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about October 29, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter stated the "Principal Balance" as $240.41, "Collection Fees" as $43.27, and the "Total Amount Due" as $283.68.

12. The Defendant's statement in said letter of "Collection Fees" is a representation of an 18% collection fee.

13. The representation that 18% collection fees are owed violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

Seeger v. AFNI, Inc., 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a class action.), Seeger v. AFNI, Inc., 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s demand for an additional 15% collection fee violated § 1692f(1) since the charge was

not authorized by law or the underlying contract; applicable state law only permitted such a recovery if the amount was actually incurred as an out-of-pocket cost of collection and not, as attempted here, to unlawfully "permit[ ] a third-party purchaser of an account to recover its internal costs."), Butto v. Collecto Inc., 2013 U.S. Dist. LEXIS 45502, 2013 WL 1285577 (E.D.N.Y. Mar. 29, 2013) (Granting Class certification as to a letter which included a collection fee for Verizon service which had not yet been incurred at the time the letter was sent.)

14. Said letter violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1) for attempting to collect prohibited 18% collection fees.

### AS AND FOR A FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

15. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fourteen (14) as if set forth fully in this cause of action.

16. This cause of action is brought on behalf of Plaintiff and the members of a class.

17. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to AT&T MOBILITY; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

b) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

c) The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

d) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 9, 2013

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-6-

Department # 1456
P.O. Box 1259
Oaks, PA 19456

**For Processing of Return Mail only.**
Do not send correspondence to this address.

# Bureau of Collection Recovery LLC

7575 Corporate Way
Eden Prairie, MN 55344
877-788-1070

Mayer, Chaim
1882 60TH ST
BROOKLYN NY 11204-2320

15477 - 3055

Date: 10/29/12
Creditor: AT&T MOBILITY
Principal Balance: $240.41
Collection Fees: $43.27
Total Amount Due: $283.68
Account Number: 71977331
Creditor Number: 512017491572

## FDCPA Notice

Dear CHAIM MAYER:

The above-listed unpaid account has been placed with this agency for collection. It is our desire to assist you in this matter. Please make your payment directly to the address listed below.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debtor or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe a total amount of $283.68.

Our client is offering a discount on the balance. Upon receipt of $198.58 cleared funds, your account will be considered settled.

**Hours of Operation (Central Time)**
Monday - Thursday 8am - 9pm, Friday 8am - 5pm
Saturday 8am - 1pm

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Sincerely,
Bureau of Collection Recovery
877-788-1070
Bureau of Collection Recovery LLC

-----------------------------Please detach and return in the enclosed envelope with your payment-----------------------------

MAYER, CHAIM
1882 60TH ST
BROOKLYN NY 11204-2320

Date: 10/29/12
Account Number: 71977331
Creditor: AT&T MOBILITY
Principal Balance: $240.41
Collection Fee: $43.27
Amount Due: $283.68
Amount Remitted: $_____

**PLEASE NOTE CHANGES TO YOUR ADDRESS OR PHONE NUMBER BELOW.**

HOME #:_____
WORK #:_____

Pay online at: http://payments.bureauofcollection.com

Mail payment to:

Bureau of Collection Recovery LLC
7575 Corporate Way
Eden Prairie, MN 55344

1096

A20-030303030300

15477 - 3055

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

**CALIFORNIA RESIDENTS:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**COLORADO RESIDENTS: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt

**MASSACHUSETTS RESIDENTS:**
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**MINNESOTA RESIDENTS:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**NEW YORK CITY:** New York City Department of Consumer Affairs License Number 1150415.

**NORTH CAROLINA:** North Carolina Permit Number 1074.
Our name and address is Bureau of Collection Recovery, 7575 Corporate Way, Eden Prairie, MN 55344.

**TENNESSEE RESIDENTS:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**WISCONSIN RESIDENTS: This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.**